IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY M. LEWIS, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JANET KALBHEN, an individual, and ) <br> VANTIUS, INC., an Illinois domestic ) <br> business corporation, ) <br> ) <br> Defendants. ) <br> ) | Case No: 1:23-cv-00037 <br><br> JURY DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, AMY M. LEWIS, an individual, by and through her attorneys, Mason S. Cole and Dean J. Tatooles of Cole Sadkin, LLC, and for her Complaint, directed against Defendant, JANET KALBHEN, an individual, and Defendant, VANTIUS, INC., an Illinois domestic business corporation, states as follows:

## PARTIES

1. Plaintiff, AMY M. LEWIS, ("Lewis" or "Plaintiff"), is an individual with her principal place residence in the State of Georgia.

2. Defendant, JANET KALBHEN, ("Defendant Kalbhen") (collectively referred to with Defendant Vantius as "Defendants"), is an individual with a place of residence located at 6942 Bennington Drive, Gurnee, Illinois 60031.

3. Defendant, VANTIUS, INC., ("Defendant Vantius") (collectively referred to with Defendant Kalbhen as "Defendants"), is an Illinois domestic business corporation with its principal place of business located at 980 N. Michigan Ave., Suite 1400, Chicago IL 60611 and its registered

1

agent listed as Louis Brandon Liss with offices located at 200 W. Madison St. Suite 3000, Chicago IL 60606.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of a different state than both defendants and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

5. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because one of Plaintiff's claims (Count III) arises under federal law.

6. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining claims (Counts I, II, and IV) because those claims are so related to the federal count that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Defendants because both Defendants reside or have its principal place of business in Illinois.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and events giving rise to this lawsuit occurred in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On January 21, 2020, Defendant Kalbhen filed a petition for dissolution of marriage against respondent, Carl Kalbhen, ("Respondent"), in the Circuit Court of Lake County, Illinois, Case No. 20-D-00114, ("Underlying Dissolution Action"). The case was settled on November 12, 2021.

10. As part of the Underlying Dissolution Action, Defendant Kalbhen and Respondent asserted cross claims against each other for dissipation of assets. It was ultimately determined that there was no dissipation of marital estate assets by Respondent.

11. On August 26, 2021, Defendant Kalbhen's deposition was taken relative to the Underlying Dissolution Action. A copy of the Defendant Kalbhen deposition transcript is attached hereto and incorporated herein, as **EXHIBIT A**.[1]

12. Although never properly served, Plaintiff became aware of a subpoena issued in the Underlying Dissolution Action and sat for her deposition. A copy of the Plaintiff's deposition transcript is attached hereto and incorporated herein, as **EXHIBIT B**.[2]

13. Plaintiff's September 8, 2021, deposition was nothing more than an ambush and served no other purpose than to harass and humiliate Plaintiff with false claims and questions related to, among other things, Plaintiff's personal association and private affairs concerning Respondent not related to a dissipation claim. In its totality, Plaintiff's deposition served little or no probative value, whatsoever, to the dissipation claims at issue in the Underlying Dissolution Action. *See* **Ex. B.**

14. At Defendant Kalbhen's deposition, it was confirmed by Defendant Kalbhen that she retained a private investigation company to surveil Plaintiff, upon information and belief, collect pictures and videos of Plaintiff's private life, and otherwise pry into Plaintiff's physical boundaries and/or private affairs by obtaining confidential, private, and/or proprietary information, including but not limited to:

   a. Information related to Plaintiff's personal and private residential addresses which has no probative value, whatsoever, in the Underlying Dissolution Action, Ex. A, p. 68, Lines 4-8; Ex. A, p. 69, Lines 6-9; Ex. A, p. 71, Lines 3-14; Ex. B, p. 8, Lines 12-18; Ex. B, p. 51, Lines 4-15; Ex. B, p. 74, Lines 15-20;

   b. Information related to Plaintiff's personal phone numbers, which has no probative value, whatsoever, in the Underlying Dissolution Action, Ex. A, p.

---

[1] A motion to file **EXHIBIT A** under seal was filed contemporaneously with the filing of Plaintiff's Complaint with the Court.
[2] A motion to file **EXHIBIT B** under seal was filed contemporaneously with the filing of Plaintiff's Complaint with the Court.

69, Lines 14-15; Ex. B, p. 19, Lines 6-8;

c. Information related to Plaintiff's private business ownership and dealings, which has no probative value, whatsoever, in the Underlying Dissolution Action, Ex. B, p. 10, Lines 8-24; Ex. B, p. 11, Lines 1-14; Ex. B, p. 12, Lines 1-24; Ex. B, p. 13, Lines 1-24; Ex. B, p. 14, Lines 1-24; Ex. B, p. 15, Lines 1-24; Ex. B, p. 16, Lines 1-24; Ex. B, p. 17, Lines 1-24; Ex. B, p. 18, Lines 1-24; Ex. B, p. 19, Lines 1-5;

d. Information related to Plaintiff's personal and private relationships and travel, including her friendship or otherwise association with Respondent, which has no probative value, whatsoever, in the Underlying Dissolution Action, Ex. B, p. 19, Lines 9-21; Ex. B, p. 20, Lines 2-24; Ex. B, p. 21, Lines 1-24; Ex. B, p. 22, Lines 1-24; Ex. B, p. 23, Lines 1-24; Ex. B, p. 24, Lines 1-24; Ex. B, p. 25, Lines 1-24; Ex. B, p. 26, Lines 1-24; Ex. B, p. 27, Lines 1-24; Ex. B, p. 28, Lines 1-24; Ex. B, p. 29, Lines 1-24; Ex. B, p. 30, Lines 1-24; Ex. B, p. 31, Lines 1-24; Ex. B, p. 32, Lines 1-24; Ex. B, p. 33, Lines 1-24; Ex. B, p. 40, Lines 19-24; Ex. B, p. 41, Lines 1-22; Ex. B, p. 45, Lines 19-24; Ex. B, p. 46, Lines 1-20; Ex. B, p. 47, Lines 23-24; Ex. B, p. 48, Lines 1-24; Ex. B, p. 49, Lines 1-24; Ex. B, p. 50, Lines 16-24; Ex. B, p. 51, Lines 16-24; Ex. B, p. 52, Lines 1-24; Ex. B, p. 56, Lines 14-24; Ex. B, p. 57, Lines 12-24; Ex. B, p. 59, Lines 6-24; Ex. B, p. 60, Lines 1-6; Ex. B, p. 65, Lines 7-19; Ex. B, p. 75, Lines 16-24; Ex. B, p. 76, Lines 1-24;

e. Information related to Plaintiff's personal and private intimate life which has no probative value, whatsoever, in the Underlying Dissolution Action, Ex. B, p. 46, Lines 21-24; Ex. B, p. 47, Lines 1-21; Ex. B, p. 52, Lines 20-24; Ex. B, p. 53, Lines 1-18; Ex. B, p. 65, Lines 7-19; Ex. B, p. 69, Lines 14-24; Ex. B, p. 70, Lines 1-24; Ex. B, p. 71, Lines 1-7; Ex. B, p. 75, Lines 16-24; Ex. B, p. 76, Lines 1-14;

f. Information related to Plaintiff's personal and private relationship with Respondent's family which have no probative value, whatsoever, in the Underlying Dissolution Action; Ex. B, p. 34, Lines 19-24; Ex. B, p. 35, Lines 1-18; Ex. B, p. 63, Lines 12-24; Ex. B, p. 62, Lines 1-21; Ex. B, p. 76, Lines 15-24; and

g. Information related to activities and entertainment Plaintiff attended alone, or with Respondent, which has no probative value, whatsoever, in the Underlying Dissolution Action, Ex. B, p. 54, Lines 4-22.

15. The confidential, private, and/or proprietary information set forth within paragraph 14 was not voluntarily provided by Plaintiff to Defendants and could have only been obtained through intrusive surveillance of Plaintiff or by a prying by Defendants into Plaintiff's physical

4

boundaries and/or private affairs.

16. In addition to the confidential, private, and/or proprietary information obtained by Defendants by way of intrusive surveillance activities by Defendants of Plaintiff or by way of a prying by Defendants into Plaintiff's physical boundaries and/or private affairs, a reading of Plaintiff's deposition transcript also evidences that it served no other purpose than to intentionally harass Plaintiff and not to discover any potential dissipation activities by Respondent in the Underlying Divorce Action. Examples of this harassment include, but are not limited to, questioning Plaintiff as follows:

    a. Whether Plaintiff had been married before. Ex. B, p. 18, Lines 9-10.

    b. The name of Plaintiff's friend in Nashville. Ex. B, p. 28, Lines 3-5.

    c. Whether Plaintiff and Respondent's relationship was sexual in nature. Ex. B, p. 47, Lines 2-3.

    d. What room in Plaintiff's house Respondent stayed in when visiting. Ex. B, p. 52, Lines 20-23.

    e. What sort of gifts Plaintiff had given Respondent's parents. Ex. B, p. 63, Lines 15-16.

    f. Whether Plaintiff was staying with Respondent's parents. Ex. B, p. 76, Lines 12-13.

17. Defendant Vantius's findings were reduced to a written report (or upon information and belief, more than one report). Ex. A, p. 7, Lines 16-17.

18. One report that Plaintiff became aware of was authored by Defendant Vantius on October 20, 2020. A copy of the Defendant Vantius's October 20, 2020 Report, (the "October 20,

2020 Report"), is attached hereto and incorporated herein, as **EXHIBIT C**.[3]

19. Plaintiff was not made aware of the existence of Defendant Vantius's October 20, 2020 Report until Defendant Kalbhen's deposition on August 26, 2021.

20. The October 20, 2020 Report was initially withheld from production to Respondent by Defendant Kalbhen who claimed privilege; however, the Court in the Underlying Dissolution Action ultimately ordered its production as well as any and all investigative reports in the possession of Defendant Kalbhen or in the possession or control of Defendant Kalbhen's attorneys. A copy of the October 20, 2021 Order commanding production of all investigative Report(s) is attached hereto and incorporated herein, as **EXHIBIT D**, ¶ 2.

21. The October 20, 2020 Report confirms certain items of Plaintiff's confidential, private, and/or proprietary information Defendant Vantius obtained through its surveillance of Plaintiff on behalf of Defendant Kalbhen. The October 20, 2020 Report also corroborates and further expands upon the testimony of Defendant Kalbhen as detailed above in paragraph 14. Specifically, the October 20, 2020 Report contains confidential, private, and/or proprietary information including, but not limited to:

  a. Plaintiff's full, unredacted Social Security Number. Information that is specifically classified by Illinois state and federal law as "private" and not a matter of public record or subject to a "routine background check." Further, Plaintiff's full, unredacted Social Security Number had no probative value, whatsoever, in the Underlying Dissolution Action[4];

  b. Plaintiff's motor vehicle records dating back to over 20 years without Plaintiff's authorization or permissible by law. Plaintiff's motor vehicle records are not a matter of public record or subject to a "routine background check" and had no probative value, whatsoever, in the Underlying Dissolution Action;

---

[3] A motion to file **EXHIBIT C** under seal was filed contemporaneously with the filing of Plaintiff's Complaint with the Court.
[4] Upon information and belief, the October 20, 2020 Report was emailed by Defendant Kalbhen (via counsel) to several parties without the redaction of Plaintiff's Social Security Number –further placing Petitioner at risk of damage from use of her confidential information for identity theft and financial harm.

    c. Plaintiff's proprietary business information from personal LLCs that were initiated in 2008 and 2013. This information had no probative value, whatsoever, in the Underlying Dissolution Action;

    d. Information related to Plaintiff's personal residences (and their values and encumbrances) and associated lender information, spanning 27 years, that had no probative value, whatsoever, in the Underlying Dissolution Action;

    e. Information related to Plaintiff's personal telephone numbers that had no probative value, whatsoever, in the Underlying Dissolution Action; and

    f. Information related to Plaintiff's personal vehicle registrations (including financial information, ownership information, makes, values, and models), spanning 28 years. This information had no probative value, whatsoever, in the Underlying Dissolution Action and, upon information and belief, was obtained illegally and used by Defendants to surveil Plaintiff resulting in the harassment of Plaintiff.

22. Other investigative notes and related documents, pertaining to Plaintiff's confidential, private, and/or proprietary financial and banking information, which were obtained by Defendant Vantius (and possibly other private investigators) during the surveillance of Plaintiff, are believed to exist and have not yet been produced. Specifically, upon information and belief, these sensitive documents contain Plaintiff's bank account information —including bank account numbers and balances— associated with Plaintiff's personal accounts and/or those associated with Plaintiff's business dealings which is the "same information" according to Defendant Kalbhen that Defendant Vantius obtained in its investigation of Respondent.[5] Ex. A, p. 9, Line 24; Ex. A, p. 10, Lines 1-2.

23. Upon information and belief, Defendant Vantius obtained the information, as set out in paragraph 14 and paragraph 21, by improper and/or illegal means at the direction and/or consent of Defendant Kalbhen to serve no other purpose than to harass Plaintiff and to cause

---

[5] It was discovered that Respondent's bank account information —including bank account numbers and balances— were obtained and ultimately disclosed by way of a report Defendant Vantius authored and Defendant Kalbhen was compelled to produce concerning Respondent following the entry of the October 20, 2021 Order.

Plaintiff emotional distress and humiliation. Ex. A, p. 71, Lines 23-24; Ex. A, p. 72, Lines 1-14.

24. The information obtained by Defendant Vantius, as set out in paragraph 14 and paragraph 21, is not probative and not related, whatsoever, to the dissipation claim included as part of the Underlying Dissolution Action.

25. Defendant Kalbhen is currently in possession of the October 20, 2020 Report, as well as any other confidential, private, and/or proprietary information Defendant Vantius may have obtained through its investigation of Plaintiff that Defendant Kalbhen has yet to produce per the October 20, 2021 Court Order. Ex. A, p. 9, Lines 5-10; Ex. D.

26. Defendant Kalbhen confirmed under oath that the October 20, 2020 Report contains information about Plaintiff —who is not a party to the Underlying Dissolution Action. Ex. A, p. 9, Lines 21-23.

27. Defendant Kalbhen testified under oath that the purpose of the investigation, as it related to the Plaintiff, was that Defendant Kalbhen was simply, "a curious bird" and she investigated Plaintiff to "cure her prurient interest." Further, Defendant Kalbhen testified that she was "unsure" how the investigation of Plaintiff would help her divorce. Ex. A, p. 68, Lines 19-24; Ex. A, p. 69, Lines 1-5.

28. Plaintiff observed black SUVs following or surveilling her on several occasions. Specifically, on October 7, 2020, at approximately 6:00 AM, Plaintiff noticed a black SUV parked outside of her residence in Georgia and proceed to follow her as she moved around.

29. Plaintiff observed the same black SUV, as enumerated with paragraph 28, on over twelve (12) other occasions between October 2020 and March 2021 which, upon information and belief, was operated by Defendant Vantius or one of its agents.

30. During October 2020 through March 2021, Plaintiff observed the same black SUV,

as enumerated with paragraph 28, in her side and rear-view mirrors surveilling her actions while she was driving her vehicle.

31. On or about November 18, 2020, while Plaintiff was walking outside her residence in Georgia, Plaintiff observed the same black SUV, as enumerated with paragraph 28, follow her and only leave her after Plaintiff approached the SUV and stared at the driver.

32. Defendants Kalbhen pried into and publicly disclosed Plaintiff's private affairs by emailing Plaintiff's full, unredacted social security number to several individuals including, but not limited to several attorneys representing Defendant Kalbhen in the Underlying Divorce Action and employees of Defendant Vantius, among, upon information and belief, other third-party individuals.

33. Prior to Defendants' intrusive investigation, Plaintiff had continually maintained her finances for years without incident. Upon information and belief, Plaintiff's social security number has now been compromised as a direct result of Defendants' collective conduct in obtaining and disseminating this vital piece of confidential, private, and proprietary information. Accordingly, Plaintiff has been exposed to a significant threat of identity theft and has incurred financial harm due to being required to secure, lock, and otherwise protect her confidential, private, and/or proprietary information as a result of continuous fraud alerts and notifications related to certain of Plaintiff's accounts having been compromised.

34. In addition to the financial repercussions Plaintiff has sustained, Plaintiff has suffered significant emotional distress and mental anguish causing Plaintiff to engage in psychological treatment. Further, Plaintiff suffers from a severe inability to sleep. Moreover, ongoing safety concerns and fear of surveillance has impeded and continues to impede Plaintiff's business and personal travel, living circumstances, and exercise regimen.

35. The extreme anxiety, emotional distress, and mental anguish resultant from Defendants' coordinated conduct has also caused Plaintiff issues with performing consulting engagements and securing new employment.

36. At all relevant times, the Illinois Freedom of Information Act defines private information to specifically include a person's social security information, personal financial information, and personal license plates, among other unique identifiers. 5 ILCS 140/2(c-5).

### COUNT I
### INTRUSION UPON SECLUSION
### (All Defendants)

37. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 36 as if fully set forth herein as paragraph 37.

38. To sustain a cause of action for intentional intrusion upon seclusion in Illinois, a plaintiff must allege: (1) the defendant committed an unauthorized intrusion or prying into the plaintiff's seclusion; (2) the intrusion would be highly offensive or objectionable to a reasonable person; (3) the matter intruded on was private; and (4) the intrusion caused the plaintiff anguish and suffering." *Busse v. Motorola, Inc*., 351 Ill. App. 3d 67, 71 (1st Dist. 2004).

39. The Northern District of Illinois has consistently held that an example of prying into private matters include reviewing a person's banking information and examples of private facts include romantic interests and sex lives. *Balsamo v. Schicht*, 2022 U.S. Dist. LEXIS 166698 *11 (N.D. Ill. 2022); *Vega v. Chi. Park. Dist.*, 958 F. Supp. 2d 943, 959 (N.D. Ill. 2013).

40. Plaintiff, a former senior executive with IBM, is a very private person and takes her privacy and seclusion very seriously.

41. Defendant Kalbhen hired a private investigator, Defendant Vantius, to investigate Plaintiff.

42. Defendant Kalbhen hired a private investigator, Defendant Vantius, to intrude upon Plaintiff's solitude in her private affairs.

43. Defendant Kalbhen hired a private investigator, Defendant Vantius with the intent to cause Plaintiff severe emotional distress.

44. Defendants' actions, as set out in paragraph 14 and paragraph 21 above, constitute an unauthorized intrusion or prying into Plaintiff's seclusion.

45. Defendants' actions, as set out in paragraph 14 and paragraph 21 above, constitute a prying into Plaintiff's private affairs.

46. Defendants' intrusive actions, as set out in paragraph 14 and paragraph 21 above, were highly offensive and objectionable to Plaintiff.

47. Defendants' intrusive actions, as set out in paragraph 14 and paragraph 21 above, are highly offensive and objectionable to a reasonable person.

48. Defendants' intrusion upon Plaintiff's seclusion caused Plaintiff to suffer significant mental anguish, suffering, surprise, and/or humiliation as a direct and proximate cause.

WHEREFORE, based upon the foregoing, Plaintiff, AMY M. LEWIS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JANET KALBHEN, and Defendant, VANTIUS, INC., jointly and severally, in excess of seventy-five thousand dollars ($75,000.00), as well as costs, attorneys' fees, and such other and further amounts and relief as this Honorable Court deems equitable and just.

## COUNT II
## PUBLIC DISCLOSURE OF PRIVATE FACTS
### (All Defendants)

49. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 48 as if fully set forth herein as paragraph 49.

50. To sustain a cause of action for public disclosure of public facts in Illinois, a plaintiff must allege: (1) the defendant gave publicity; (2) to private, not public facts; (3) the matter made public was highly offensive to a reasonable person; and (4) the matter published was not of legitimate public concern. *See Cordts v. Chi. Tribune Co.*, 369 Ill. App. 3d 601, 602 (1st Dist. 2006).

51. Defendant Kalbhen hired a private investigator, Defendant Vantius, to determine private facts about Plaintiff.

52. Defendant Kalbhen hired Defendant Vantius with the intention to cause Plaintiff severe emotional distress.

53. Defendant Vantius published its October 20, 2020 Report to Defendant Kalbhen on or about October 20, 2020.

54. The October 20, 2020 Report contains confidential, private, and/or proprietary information as described in paragraph 21 above.

55. Upon information and belief, Defendants have publicized this information, specifically Plaintiff's social security number and bank account numbers, to third parties.

56. To date, upon information and belief, Defendants retain the October 20, 2020 Report.

57. Defendants' disclosure of private facts, as set out in paragraph 14 and paragraph 21 above, was highly offensive and objectionable to Plaintiff.

58. Defendants' disclosure of private facts, as set out in paragraph 14 and paragraph 21 above, is highly offensive and objectionable to a reasonable person.

59. The facts Defendants disclosed in the October 20, 2020 Report are not of legitimate public concern.

60. Defendants' disclosure of private facts caused Plaintiff to suffer significant mental anguish, suffering, surprise, and/or humiliation as a direct and proximate cause.

WHEREFORE, based upon the foregoing, Plaintiff, AMY M. LEWIS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JANET KALBHEN, and Defendant, VANTIUS, INC., jointly and severally, in excess of seventy-five thousand dollars ($75,000.00), as well as costs, attorneys' fees, and such other and further amounts and relief as this Honorable Court deems equitable and just.

## COUNT III
## VIOLATION OF 18 U.S.C. §§ 2721 *et seq*.
### (All Defendants)

61. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 60 as if fully set forth herein as paragraph 61.

62. 18 U.S.C. § 2724 states in relevant part "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court." 18 U.S.C. § 2724(a).

63. Defendant Kalbhen hired a private investigator, Defendant Vantius, to determine private facts about Plaintiff.

64. At all relevant times, Defendant Vantius was an agent of Defendant Kalbhen.

65. Defendants obtained, disclosed, and used Plaintiff's private information as set out in paragraph 14 and paragraph 21 above.

66. When Counsel for Defendant Kalbhen in the Underlying Dissolution Action provided the October 20, 2020 Report to Plaintiff through counsel, Counsel for Defendant Kalbhen disclosed that Defendant Kalbhen had Plaintiff's plates run. This occurred on October 19, 2021.

The October 19, 2021 email is attached hereto and incorporated herein, as **EXHIBIT E**[6]. Specifically, counsel for Defendant Kalbhen in the Underlying Divorce Action admitted in writing that "a friend took down the license plate number" and "had [Plaintiff]'s plate run." **Ex. E**.

67. Plaintiff did not consent to anyone running her plates to obtain her motor vehicle records. Further, the acquisition of Plaintiff's motor vehicle records was not covered by a permissible circumstance as defined by 18 U.S.C. § 2721(b).

68. Plaintiff's motor vehicle records, obtained by Defendants, included data that was received from a governmental source. **Ex. E**. Specifically, upon information and belief, Defendant Vantius used its connections with the Georgia Secretary of State to obtain this information which is not a matter of public record.

69. Unequivocally, the information contained and disclosed within the October 19, 2021 email included Plaintiff's motor vehicle record. **Ex. E**.

70. Furthermore, upon information and belief, Defendants obtained Plaintiff's full, unredacted social security number through the same means, namely the Georgia Secretary of State.

71. Defendants' use and disclosure of Plaintiff's full, unredacted social security number is not permitted by 18 U.S.C. 2721(b).

72. Defendants' use and disclosure of Plaintiff's motor vehicle records and full, unredacted social security number was made for the purpose of harassing Plaintiff as Defendant Kalbhen testified under oath that the purpose of the investigation, as it related to the Plaintiff, was that Defendant Kalbhen was simply "a curious bird." Ex. A, p. 68, Lines 19-24.

73. Being a "curious bird" cannot reasonably be connected to any civil proceeding.

74. Being a "curious bird" is not a purpose permitted under 18 U.S.C. § 2721.

---

[6] A motion to file **EXHIBIT E** under seal was filed contemporaneously with the filing of Complaint with the Court.

75. 18 U.S.C. § 2724 provides for reasonable attorneys' fees and other litigation costs. 18 U.S.C. § 2724(b)(3).

WHEREFORE, based upon the foregoing, Plaintiff, AMY M. LEWIS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, JANET KALBHEN, and Defendant, VANTIUS, INC., jointly and severally, in excess of seventy-five thousand dollars ($75,000.00), as well as costs, attorneys' fees, and such other and further amounts and relief as this Honorable Court deems equitable and just.

### COUNT IV
### INJUNCTION
### (All Defendants)

76. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 75 as if fully set forth herein as paragraph 76.

77. Plaintiff requests injunctive relief prohibiting Defendants from disseminating the confidential, private, and/or proprietary information contained within the October 20, 2020 Report, as described in paragraph 21, and any other confidential, private, and/or proprietary information obtained by Defendants.

78. Plaintiff further requests injunctive relief requiring Defendants to delete all confidential, private, and/or proprietary information contained within the October 20, 2020 Report, as described in paragraph 21, and any other confidential, private, and/or proprietary information obtained by Defendants.

79. In order to be entitled to an injunction as relief, the party seeking an injunction must show: "(1) a clear and ascertainable right in need of protection; (2) that he or she will suffer irreparable harm if the injunction is not granted; and (3) that there is no adequate remedy at law."

*Kopchar v. City of Chicago*, 395 Ill. App. 3d 762, 772 (1st Dist. 2009); s*ee also Hasco, Inc. v. Roche*, 299 Ill. App. 3d 118, 126 (1st Dist. 1998).

80. Plaintiff has a clear and ascertainable right to the privacy of her confidential, private, and/or proprietary information.

81. Plaintiff has and will continue to suffer irreparable harm if Defendants are permitted to continue retaining and disclosing the information contained within the October 20, 2020 Report and other confidential, private, and/or proprietary information obtained by Defendants which, upon information and belief, has not yet been disclosed to Plaintiff.

82. There is no adequate remedy at law to prevent Defendants from their continued retention and/or disclosure of the confidential, private, and/or proprietary information of Plaintiff.

83. This relief Plaintiff seeks will not harm any public interest.

WHEREFORE, based upon the foregoing, Plaintiff, AMY M. LEWIS, respectfully requests that this Honorable Court enter an order against Defendant, JANET KALBHEN, and Defendant, VANTIUS, INC., as follows:

(a) Prohibiting Defendants from disseminating confidential, private, and/or proprietary information contained within the October 20, 2020 Report, as described in paragraph 21, and any other confidential, private, and/or proprietary information obtained by Defendants;

(b) Requiring Defendants to delete confidential, private, and/or proprietary information contained within the October 20, 2020 Report, as described in paragraph 21, and any other confidential, private, and/or proprietary information obtained by Defendants;

(c) hold Plaintiff harmless for any damages resultant from Defendants' intrusive investigation; and

(d) any such further relief as this Honorable deems equitable and just.

## JURY DEMAND

Plaintiff, AMY LEWIS, hereby demands a trial by jury.

Dated this 4th day of January 2023.

Respectfully Submitted,

By: /s/ Mason S. Cole
Mason S. Cole

**COLE SADKIN, LLC**
Mason S. Cole, ARDC No. 6307727
Dean J. Tatooles, ARDC No. 6257667
1652 W Belmont Ave.
Chicago, IL 60657
(312) 548-8610
mcole@colesadkin.com
dtatooles@colesadkin.com
Counsel for Plaintiff