6300383 (JJM)
6330167 (AJM)         JJM:jjm         1/18/23         WHITE         24280F-98-85

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **AMY M. LEWIS, an individual,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   23-CV-00037 |
| | ) | |
| **JANET KALBHEN, an individual, and** | ) | Hon. Judge John R. Blakey |
| **VANTIUS, INC., an Illinois domestic** | ) | |
| **business corporation,** | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION TO DISMISS PURSUANT TO ABSTENTION DOCTRINE

NOW COMES the defendant, JANET KALBHEN, by her attorneys, JOSHUA J. MUENCH of SCHWARTZGILLIGAN, LTD., and moves this Honorable Court to dismiss plaintiff's Complaint at Law in its entirety because allowing this federal court case to proceed when the same facts and issues are being litigated for years in a pending suit in Illinois is improper, because plaintiff cannot now seek to remove the state court case, and because proceeding in federal court concurrently with the state court case violates the abstention doctrine under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976).

### I.  INTRODUCTION

1.     This lawsuit arises out of an alleged investigation of Plaintiff Amy M. Lewis allegedly conducted by a private investigator during an underlying Illinois divorce proceeding between Defendant, Janet Kalbhen, and her now ex-husband, Carl Kalbhen (a non-party to this suit). During that divorce proceeding, Defendant asserted a dissipation of assets claim against Carl,

including monies spent on Plaintiff. As part of the discovery in that case, Defendant's divorce lawyers reportedly hired an investigator who did a background check on plaintiff and uncovered evidence of an extra-marital relationship between plaintiff and defendant's ex-husband. Plaintiff clearly resented being deposed in the dissipation of assets proceeding which necessarily followed because of defendant's ex-husband's expenditures on plaintiff while he was still married to defendant.

2. The instant suit, though, is hardly the beginning of the civil action instituted by Plaintiff against Defendant as retaliation for Plaintiff's frustration with being involved in the divorce proceeding. Plaintiff filed way back on September 27, 2021 in Cook County, Illinois for the same allegations and that case still pends under case no. 2021 L 0009530 before Judge Katherine Schneider. Plaintiff only now files suit in federal court and asks the concurrent state court case to be voluntarily dismissed, after Judge Katherine Schneider recently issued an unfavorable ruling to her on defendant's Motion to Dismiss. As discussed below, the court actually struck the pleading with leave to amend and gave Plaintiff's counsel a due date and then extended that due date to file a new pleading to try to state better claims and causes of action under the facts and law. Instead, Plaintiff filed this entirely brand new pleading for the first time in federal court to bypass the state court's order entirely, in the face of a state case that still pends.

3. Plaintiff's institution of multiple suits in federal and state court at the same time for the same issues is improper, and her maneuvering in attempting to turn the pending state court case into a federal court case via an amended pleading constitutes improper removal. For all these reasons, this case should be dismissed under the abstention doctrine, and the pending claims and grievances of Plaintiff should continue to proceed in state court where they were initially filed.

## II. BACKGROUND AND PLEADINGS

4. On September 27, 2021, plaintiff filed her original verified complaint against defendant, Janet Kalbhen, in Illinois state court alleging two counts: 1) Intrusion upon Seclusion and 2) Intentional Infliction of Emotional Distress. See Plaintiff's Verified Complaint (w/o exhibits) attached as Ex. A. The Complaint was based on the same facts raised in the instant case.

5. On April 18, 2022, defendant filed a motion to dismiss the Verified Complaint with prejudice for failure to state a cause of action.

6. In the face of the Motion, plaintiff sought leave to file an amended pleading (which was granted) and defendant withdrew the Motion. See April 21, 2022 order, attached as Ex. B.

7. On May 18, 2022, plaintiff filed her First Amended Complaint at Law in state court, with the same two causes of action but adding various factual allegations and adding Vantius, Inc., the private investigator's firm, as a co-defendant. See First Amended Verified Complaint (w/o exhibits), attached as Ex. C

8. On June 14, 2022, Defendant again filed a Motion to Dismiss plaintiff's First Amended Complaint with prejudice for failure to state a cause of action. See Motion, attached as Ex. D. The Motion was fully briefed and the court heard oral argument.

9. On November 29, 2022, Judge Katherine Schneider issued a written opinion. See attached opinion, attached as Ex. E (the first page is omitted from the online docket and cannot be provided despite requests to Judge Schneider for the missing page). In relevant part, the court agreed plaintiff failed to plead any sustainable cause of action under Illinois law, dismissed the causes of action without prejudice, and allowed plaintiff leave to re-plead within 21 days. Defendant sought a complete dismissal with prejudice but the state court allowed a striking with leave to amend to see whether Plaintiffs could replead facts and circumstances that might support their claims.

10. On December 12, 2022, plaintiff filed a motion to extend the time to file a second amended complaint, specifically indicating the motion was brought in good faith because plaintiff could not timely file an amended pleading in state court due to the holidays and a pressing workload (defendant did not object to the extension, relying on these good faith reasons for the delay). See motion to extend (w/o exhibits), attached as Ex. F.

11. The court granted the motion and ordered plaintiff to file the second amended pleading by January 5, 2023, and giving defendant until January 26, 2023 to answer or otherwise plead. See order, attached as Ex. G.

12. On January 4, 2023, instead of filing an amended pleading in state court as ordered, plaintiff filed this brand new (and somewhat expanded) suit in federal court and contemporaneously filed a motion to voluntarily dismiss the state court case. See plaintiff's motion, attached as Ex. H.

13. Plaintiff claimed the state court matter must be non–suited because the "amended pleading" had to be filed in federal court based one cause of action arose out of federal law. Specifically, the federal complaint was brought in four counts: 1) Intrusion upon seclusion (Illinois law); 2) Public disclosure of private facts (Illinois law); 3) Drivers Protection Privacy Act - Violation of 28 U.S.C. 2721, et al.; and 4) Injunction. This is not a correct statement. The federal question can be litigated by the state court if Defendants chose not to remove. But that is Defendant's choice, not the losing Plaintiff. Plaitniff could have filed originally in federal court with this federal question but opted to file in state court and should be held to her choices.

14. On January 5, 2023, defendant filed a motion in state court to dismiss the case with prejudice for plaintiff's failure to amend the pleadings by the ordered date. See motion, attached as Ex. I.

## III. ARGUMENT

I. **Plaintiff's filing of suit in federal court constitutes an improper removal under 28 U.S.C. 1146(a).**

15. Plaintiff's filing of the instant case constitutes a clear attempt to circumvent the express language of the removal statute. Under 28 U.S.C 1446(a), only a defendant can remove an action. Plaintiff utilizes the simultaneous filing of a federal suit and the seeking of a dismissal of the state court case as a de facto removal. Plaintiff admits as much in its motion for voluntary dismissal, indicating that the complaint filed in federal court constitutes the "amended pleading" the state court ordered to be filed by a date certain but that the complaint is "required" to be filed in federal court because plaintiff added a count premised on a federal statute, and only the federal courts have original and specific jurisdiction. Ex. H, ¶¶3-4.

16. Plaintiff seems to be confusing original jurisdiction with exclusive jurisdiction. It is axiomatic that a state court can hear a case involving claims arising out of federal law. In fact, a deeply rooted presumption exists that the state and federal courts have concurrent jurisdiction over such claims so long as Congress has not affirmatively acted to vest the federal courts with exclusive jurisdiction over the federal statute at issue. *Taffan v. Levitt*, 493 U.S. 455, 459-60 (1990). Plaintiff's only federal cause of action arises under the Drivers Privacy Protection Act of 1994, 28 U.S.C. 2721, et al. Nothing in the Act vests the federal courts with exclusive jurisdiction, and the Act only provides a party "may" file in federal court. 28 U.S.C. 2721.

17. Perhaps the representations by plaintiff to the state court about the federal court being the only permissible venue are an innocent mistake by plaintiff but it is also concerning that this maneuver comes immediately on the heels of Judge Schneider's adverse ruling against plaintiff and twice allowing an amendment and appears to be consistent with an attempt to get this case away

from a judge who has been skeptical of plaintiff's overreaching claims. It must not be lost on this Court that at the time of this federal court case, the state case still pends.

18. In the end, whatever the motives involved, plaintiff's amended pleading should be filed in the pending state court case. There is no basis for plaintiff to file a brand new lawsuit in federal court, and allowing plaintiff to do so constitutes not only an improper removal but rewards untoward venue shopping.

II. **Plaintiff's filing a nearly identical federal case while the years-old state court case still pends violates the Colorado River abstention doctrine and warrants dismissal.**

19. Plaintiff's filing of suit in federal court while the state court case still pends also violates the doctrine enumerated by the United State Supreme Court in Colorado River Water Conservation Dist. v. United States. In *Colorado River*, the Supreme Court laid out various factors governing when a federal court may decline its jurisdiction to proceed in the face of an already-pending parallel proceeding. While admittedly, the federal courts should ordinarily exercise the jurisdiction given to them, there are exceptional circumstances where the federal court case should be dismissed in deference to a parallel state suit. *Colorado River*, 424 U.S. 800, 818-819 (1976). In determining whether dismissal is appropriate, a court should consider various factors including 1) whether the case concerns rights in property; 2) the inconvenience of the federal forum; 3) the desire to avoid piecemeal litigation; 4) the order in which jurisdiction was obtained; 5) the source of governing law - federal or state; 6) the adequacy of the state-court action to protect the federal plaintiff's rights; 7) the relative progress of the state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) whether the federal action is vexatious or contrived. *DePuy Synthes Sales, Inc. V. OrthoLA, Inc*. 953 F.3d 469, 475- (7th Cir. 2020).

20. At the outset, we note this situation is even more extraordinary than the typical cases involving application of the *Colorado River* doctrine. The two concurrent suits are not merely partially overlapping cases involving some of the same parties or some of the same legal disputes. These cases involve identical parties arising of the exact same facts. The litigation is not merely parallel but essentially identical. Of course, plaintiff tacitly admits same by seeking the immediate dismissal of the state court case to make it disappear in favor of this new federal case. Accordingly, Defendant will not belabor the above factors because plaintiff will merely say she does not wish to proceed with parallel litigation, and wants the matter now to proceed in federal court. This, though, highlights the argument already made above - make no mistake- the non-suit of the state court case and the filing of the federal court case is merely a removal of the state court case to federal court. And, the same facts and available causes were available to Plaintiff in 2021 and she chose to file in state court. She made the decision not to sue on any federal question then. If this changes, she first must file in state court where she started and leave it to Defendant to decide whether to remove or not. Interestingly, one of the very factors the court considers in parallel litigation is the availability of the removal and whether the federal action is contrived. Here, removal is not now, nor was it ever, available to plaintiff. Allowing plaintiff to remove her claims to federal court now because of a *clearly mistaken belief* that the federal law cause of action "is required" to be adjudicated in federal court is a procedural contrivance and does not deprive Plaintiff of her federal question claim. It is just filed in the wrong place. So too is obtaining defendant's counsel's and the state court's agreement to extensions of the time to file an amended pleading only to then institute brand new proceedings surreptitiously in an entirely different venue.

21. Consideration of other factors also weigh in favor of dismissing the federal court matter and allowing the state court case to proceed which is further along and has been for well over

a year.  Illinois state court will adequately protect plaintiff's rights, the majority of the causes of action involve state law claims, and the state court asserted jurisdiction first (and over a year ago). There has also already been significant motion practice and substantive rulings in the state court case. Also, a stay is not appropriate under the circumstances since plaintiff will be filing the exact same amended complaint in state court. This Court should dismiss the pleading not on the merits but simply as a matter of improper use of this Court's venue and process. This way, Plaintiff is free to start anew in state court and face the state court's ruling again, if any.

## V. CONCLUSION

In conclusion, even before the state court, plaintiff admits what she filed in federal court is an amended pleading.  This is the wrong venue for such a pleading.  The amended pleading should be filed in the pending state court case.  Allowing this case to proceed in federal court constitutes constructive removal, which is improper, and violates the abstention doctrine enumerated in *Colorado River*.  For all these reasons, defendant, JANET KALBHEN, respectively requests this court dismiss this case with prejudice.

Respectfully submitted,

SCHWARTZ GILLIGAN, LTD.

By:_____
Joshua J. Muench

Joshua J. Muench ARDC 06300383
SCHWARTZ GILLIGAN, LTD
Attorneys for Defendant, Janet Kalbhen
120 North La Salle Street, 34th Floor
Chicago, Illinois 60602
(312) 419-1011
6300383 (JJM)
6330167 (AJM)